IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROCKWOOD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | CIVIL ACTION NO. 3:13-262 |
| Plaintiff, | ) ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| RANGER COAL HOLDINGS, LLC, and NATIONAL COAL, LLC f/k/a NATIONAL COAL CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

Before the Court is a motion to remand (ECF No. 6) filed by Plaintiff Rockwood Casualty Insurance Company. Having considered the submissions of the parties and the applicable law, and for the reasons stated below, the Court will grant the motion and remand this action to the Court of Common Pleas of Somerset County, Pennsylvania.

**II.    Background**

Plaintiff Rockwood Casualty Insurance Company ("Rockwood") brings this suit against Defendants Ranger Coal Holdings, LLC ("Ranger") and National Coal, LLC ("National")[1] for their alleged failure to make payments due under an insurance policy.

---

[1] National Coal, LLC was formerly known as National Coal Corporation and was converted to a Tennessee limited liability company on or about December 9, 2010. (ECF No. 6-1 at 38). Under Tennessee law, National Coal, LLC is deemed the same entity as National Coal Corporation and is responsible for all its debts, liabilities, and obligations. Tenn. Code Ann. § 48-249-703(d) (West 2014). For purposes of this decision, the Court will refer to National Coal, LLC and National Coal Corporation interchangeably as "National."

On July 21, 2005, Rockwood and National executed an Insurance Agreement in which Rockwood agreed to provide workers' compensation and employer's liability insurance to National in exchange for payments made by National. (ECF No. 6-1 at 1, "Insurance Agreement"). At that time, Rockwood and National also executed an Escrow Agreement in which National agreed to contribute funds to an escrow account to discharge its payment obligations under the insurance policy. (ECF No. 6-1 at 8, "Escrow Agreement"). The policy was effective from April 16, 2005 through April 16, 2006. (ECF No. 6-1 ¶ I.1).

Over the course of several years, Rockwood and National extended the policy through annual renewal agreements. These agreements extended the insurance coverage for one-year terms, and each renewal contained certain amendments to the Insurance Agreement. (ECF No. 1-2 at 35–48). At all times relevant to this dispute, the parties agreed to the forum selection clauses as provided in the original Insurance Agreement and the Escrow Agreement. The Insurance Agreement states:

> This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and any actions or claims brought or filed pursuant [sic] this Agreement shall be commenced in the Court of Common Pleas of Somerset County, Pennsylvania.

(Insurance Agreement ¶ VIII.2). Similarly, the Escrow Agreement states:

> Any disputes under this Escrow Account shall be determined before the Court of Common Pleas of Somerset County, Pennsylvania. The parties hereto consent to the jurisdiction of such court.

(Escrow Agreement at 7 ¶ 2).

On or about December 15, 2010, Ranger acquired National, and National became a subsidiary of Ranger. (ECF No. 1-2 ¶ 23). At that time, Ranger assumed responsibility for the debts, liabilities, and obligations of National, including those related to National's insurance agreement with Rockwood. (*Id.* ¶ 25). In other words, Ranger is the successor in interest with regard to the insurance policy presently at issue.

On August 6, 2012, Rockwood filed suit against Ranger in the Court of Common Pleas of Somerset County, Pennsylvania, alleging that Ranger has not made the required payments due under the insurance policy. (*Id.* ¶ 41). Rockwood amended its complaint on November 1, 2013, adding National as a defendant. National filed a notice of removal on November 19, 2013. Rockwood now moves to remand this action to state court, arguing that the relevant forum selection language precludes removal.

### III. Legal Standard

Remand is the appropriate remedy when a defendant files a notice of removal in violation of a valid forum selection clause. *PGT Trucking, Inc. v. Lyman*, 500 F. App'x 202, 204 (3d Cir. 2012). Forum selection clauses are presumptively valid, and a district court sitting in diversity must apply federal law in determining the enforceability of a forum selection clause. *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84 (3d Cir. 2006). "Of course, before a contractual forum selection provision can be enforced, it must actually effectuate a selection." *Id.* at 85. In this regard, "a court's paramount consideration is the intent of the parties." *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d

3

Cir. 1980) (quoting *O'Farrell v. Steel City Piping Co.*, 403 A.2d 1319, 1324 (Pa. Super. Ct. 1978)). The plain language of the contract must guide the court, unless the language is reasonably susceptible of different interpretations. *Id.* at 1010. Nevertheless, a court should not "torture the language" of a contract to create ambiguities, particularly when the contract involves sophisticated parties. *First State Underwriters Agency of New England Reinsurance Corp. v. Travelers Ins. Co.*, 803 F.2d 1308, 1311 (3d Cir. 1986) (quotation omitted) (discussing rules relating to the analysis of insurance policies in Pennsylvania).

**IV. Discussion**

In asserting that removal was proper, National raises two main arguments. First, National argues that this dispute implicates the Insurance Agreement only, and thus the forum selection language in the Escrow Agreement is inapplicable. Second, National argues that the Insurance Agreement does not explicitly reference the right to removal, and thus National has not waived that right. The Court addresses each argument in turn.

**A. Both forum selection clauses are applicable**

National first argues that the Escrow Agreement "does not involve the duty to pay but rather is a depository document." (ECF No. 9 at 9). Therefore, according to National, only the Insurance Agreement is relevant to this dispute, and the Court should ignore the forum selection language in the Escrow Agreement. This argument is meritless because the Insurance Agreement and the Escrow Agreement are inexorably linked writings.

Pennsylvania law and the law in this Circuit make clear that, "where two writings are executed at the same time and are intertwined by the same subject matter, they should be construed together and interpreted as a whole, each one contributing to the ascertainment of the true intent of the parties." *Kroblin Refrigerated Xpress, Inc. v. Pitterich*, 805 F.2d 96, 107 (3d Cir. 1986) (citations omitted). Here, National and Rockwood executed the Insurance Agreement and the Escrow Agreement simultaneously, and the Insurance Agreement incorporates by reference the terms of the Escrow Agreement. (Insurance Agreement ¶ VIII.8). Thus, the Court must consider the forum selection language in both documents when considering whether removal was proper.

### B. The forum selection clauses preclude removal

After reviewing the unambiguous language in the Insurance Agreement and the Escrow Agreement, the Court finds that the parties intended the Court of Common Pleas of Somerset County, Pennsylvania as the exclusive forum for this dispute. The Insurance Agreement provides that actions brought pursuant to the insurance policy "*shall* be commenced in the Court of Common Pleas of Somerset County, Pennsylvania." (Insurance Agreement ¶ VIII.2) (emphasis added). The Escrow Agreement then provides that any dispute "*shall* be determined before the Court of Common Pleas of Somerset County, Pennsylvania." (Escrow Agreement at 7 ¶ 2) (emphasis added). This language vests exclusive jurisdiction in the Somerset County Court of Common Pleas.

5

In asserting that removal was proper, National places great emphasis on the fact that the Insurance Agreement does not express in "clear and unequivocal language" that National waived its right to removal. (ECF No. 9 at 8). In making this argument, National ignores the mandatory language in the Insurance Agreement stating that the parties agreed to litigate in a particular forum. National also ignores the authority in this Circuit finding that contractual waivers of the right to removal need not be "clear and unequivocal." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991).[2]

National further supports its argument that removal was proper by citing several inapposite cases.[3] These cases simply suggest that geographical limitations on jurisdiction do not preclude a defendant's right to removal. *See, e.g.*, *Xgel Tech., LLC v. C.I. Kasei Co., Ltd.*, 4:09CV540 RWS, 2009 WL 1576837, at *1 (E.D. Mo. June 3, 2009). Here, however, the

---

[2] Indeed, the Third Circuit elaborated as follows:

> In the context of contractual waiver . . . we do not perceive the need for the 'clear and unequivocal' standard. While it is true that removal represents what has somewhat reverently been called 'a statutory right to a federal forum' . . . this talismanic phrase loses much of its fire in light of the fact that for 'approximately five score years' the federal courts 'have construed the removal statutes *strictly* and, on the whole, *against* the right of removal,' [citation]. The 'clear and unequivocal' standard, then, fails to consider the *constrictive* rather than *expansive* nature of the right of removal, in addition to serving no meritorious policy of litigation.

933 F.2d at 1217 n.15 (italics in original).

[3] National cites, for example, the following cases: *Epps v. 1.I.L., Inc.*, CIV. A. 07-02314, 2007 WL 4463588, at *3 (E.D. Pa. Dec. 19, 2007); *Xgel Tech., LLC v. C.I. Kasei Co., Ltd.*, 4:09CV540 RWS, 2009 WL 1576837, at *1 (E.D. Mo. June 3, 2009); *Priority Healthcare Corp. v. Chaudhuri*, 6:08-CV-425-ORL-KRS, 2008 WL 2477623, at *2 (M.D. Fla. June 18, 2008); and *Oldlaw Corp. v. Allen*, 07-1070, 2007 WL 2772697, at *5 (C.D. Ill. Sept. 24, 2007).

forum selection language includes not only a geographical limitation on venue, it selects the actual forum itself. Put another way, the forum selection language mandates not just venue in a particular location; rather, the language expresses the parties' intention to vest exclusive jurisdiction in the Court of Common Pleas of Somerset County.

National finally argues that the Insurance Agreement only requires the parties to "commence" litigation in state court. According to National, this language renders the forum selection clause permissive in that it does not preclude removal. This argument is unpersuasive. As discussed previously, the Insurance Agreement must be construed together with the Escrow Agreement. Taken as a whole, the forum selection language is mandatory because it dictates an exclusive forum for resolving disputes arising under the insurance policy.[4]

## C. Costs are not warranted under 28 U.S.C. § 1447(c)

As a final matter, Rockwood seeks the costs incurred in having to file its motion to remand. In granting a motion to remand, a district court has discretion "to mandate that the removing defendant(s) reimburse the plaintiff for associated costs and expenses, including attorney's fees." *See McGuire v. Safeware, Inc.*, CIV.A. 13-3746, 2013 WL 5272767, at *5 n.4 (E.D. Pa. Sept. 17, 2013) (citing 28 U.S.C. § 1447(c)). Generally, costs should not be

---

[4] Even if the Court isolated the forum selection language in the Insurance Agreement, it would likely find that the parties agreed to waive the right to removal. Indeed, the Second Circuit reached this conclusion after interpreting nearly identical language to that found in the Insurance Agreement, finding that the forum selection language need not "literally preclude removal" and can implicitly do so under the circumstances. *See Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988).

awarded unless the removing party "lacked an objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court finds that it would be inequitable to award costs under 28 U.S.C. § 1447(c). The process of remanding this case to state court has imposed costs on the parties, along with a delay in this litigation, but National did not lack an objectively reasonable basis for seeking removal. National's arguments, though unpersuasive, were nonetheless thought provoking and worthy of judicial consideration.

## V.     Conclusion

For the reasons stated in this memorandum opinion, the Court finds that the parties clearly and unequivocally agreed to litigate this dispute in the Court of Common Pleas of Somerset County, Pennsylvania. Because the forum selection clauses are valid and enforceable, the Court will grant Rockwood's motion to remand.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROCKWOOD CASUALTY INSURANCE COMPANY, | ) ) ) | CIVIL ACTION NO. 3:13-262 |
| Plaintiff, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| RANGER COAL HOLDINGS, LLC, and NATIONAL COAL, LLC f/k/a NATIONAL COAL CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW, this 17th day of April, 2014, upon consideration of the motion to remand (ECF No. 6) filed by Plaintiff Rockwood Casualty Insurance Company, it is **HEREBY ORDERED** that the motion is **GRANTED**.

It is **FURTHER ORDERED** that this case is remanded to the Court of Common Pleas of Somerset County, Pennsylvania.

It is **FINALLY ORDERED** that this case shall be marked closed for statistical purposes and that the Clerk of Court shall send a certified copy of this Order to the Prothonotary for the Court of Common Pleas of Somerset County.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE